IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 22-cv-02606-NYW

CHRISTIAN GODINEZ, and
ABIGAIL GODINEZ,

    Plaintiffs,

v.

JESUS PUEBLA,
JOSE MAURICIA COREAS, d/b/a CAMINANTES TRUCKING,
CARLOS COREAS,
LUCKY 22, INC.,
JOHN DOES 1–5, and
JOHN DOE COMPANIES 1–5,

    Defendants.

## ORDER TO SHOW CAUSE

Upon review of the Complaint and Jury Demand ("Complaint"), [Doc. 1], the Court is not satisfied that Plaintiffs have established complete diversity of citizenship of the parties in this case.

Plaintiffs invoke diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), which states that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." A federal court must satisfy itself as to its own jurisdiction, and may take *sua sponte* action to do so. *See Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver,* 628 F.2d 1289, 1297 (10th Cir. 1980). "The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.,* 384 F.3d 1220, 1224 (10th Cir. 2004). A court should not proceed having not first

assured itself that jurisdiction exists. *See Cunningham v. BHP Petroleum Great Britain PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005).

"For purposes of diversity jurisdiction, a person is a citizen of a state if the person is domiciled in that state." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). The Complaint states that complete diversity exists because, *inter alia*, "[a]t all times relevant hereto, and currently, Plaintiffs Christian Godinez and Abigail Godinez reside in Campbell County Wyoming," [Doc. 1 at ¶ 10]; "Defendant Jesus Puebla is a resident of Denver, Colorado, residing at 16503 E 49th Avenue, Denver, Colorado 80239," [*id.* at ¶ 17]; and "Defendant Carlos Coreas is a resident of Hudson, Colorado, residing at 806 Birch Street, Unit 9, Hudson, Colorado 80642," [*id.* at ¶ 19]. But "[a]n individual's residence is not equivalent to his [or her] domicile and it is domicile that is relevant for determining citizenship." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). Plaintiffs' and the individual Defendants' residences, therefore, are insufficient for the Court to assure itself of diversity jurisdiction as the Complaint does not identify Plaintiffs' and the individual Defendants' domiciles. *See Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015) ("Diversity jurisdiction requires complete diversity—no plaintiff may be a citizen of the same state as any defendant."). Accordingly, **IT IS ORDERED** that:

(1) Plaintiffs are **ORDERED TO SHOW CAUSE** in writing and on or before **November 18, 2022**, why this case should not be dismissed for lack of federal subject matter jurisdiction.

DATED: November 9, 2022                        BY THE COURT:

_____
Nina Y. Wang
United States District Judge