**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 22-cv-02606-NYW-SP

CHRISTIAN GODINEZ, and
ABIGAIL GODINEZ,

      Plaintiffs,

v.

JESUS PUEBLA,
JOSE MAURICIO COREAS d/b/a CAMINANTES TRUCKING,
CARLOS COREAS,
LUCKY 22, INC.,
JOHN DOES 1–5, and
JOHN DOE COMPANIES 1–5,

      Defendants.

---

**MINUTE ORDER**

---

Entered by Judge Nina Y. Wang

      Pending before the Court is Plaintiffs' ex parte Motion for Emergency Temporary Restraining Order and Preliminary Injunction ("Motion") [Doc. 44, filed June 27, 2023]. The Court has reviewed the Motion and the applicable law, and concludes that oral argument would not materially assist in the resolution of this matter. For the reasons discussed below, the Court respectfully **DENIES** the Motion.

      ***Background.*** On November 16, 2022, Plaintiffs Christian Godinez and Abigail Godinez (together, "Plaintiffs") filed the First Amended Complaint and Jury Demand ("First Amended Complaint"), [Doc. 11], in this wrongful death action. According to the First Amended Complaint, Plaintiffs' parents passed away on June 13, 2022, following a collision in Weld County, Colorado, with a commercial motor vehicle owned by Defendant Carlos Coreas ("Mr. Coreas"), who in turn owns Defendant Lucky 22, Inc. ("Lucky 22"); driven by Defendant Jesus Puebla ("Mr. Puebla"), who was employed by Lucky; and operated under the authority of Defendant Jose Mauricio Coreas, doing business as Caminantes Trucking ("Coreas/Caminantes"). [*Id.* at ¶¶ 3–4, 23, 32].[1] The First Amended Complaint alleges that all Defendants were at fault for the accident, which claimed five lives in total. [*Id.* at ¶¶ 37–39]. Plaintiffs bring eleven claims for relief, including three claims against Coreas/Caminantes: Claim 3, for negligence; Claim 7, for outrageous conduct;

---

[1] The Court uses the convention [Doc. __] to refer to the docket entry and page number assigned by the District's Electronic Case Filing ("ECF") system, unless otherwise indicated.

and Claim 9, for civil conspiracy.  [*Id.* at 14–21, 23–24, 26–28].  Throughout the First Amended Complaint, Plaintiffs exclusively seek damages.  [*Id.* at 32–33].

All Defendants have been served or waived service, and all Defendants have appeared—except Coreas/Caminantes.  On November 7, 2022, Plaintiffs moved the Clerk of Court to enter default against Coreas/Caminantes.  [Doc. 7].  The Clerk did so the next day.  [Doc. 8].  Plaintiffs have not moved for a default judgment.  *See* Fed. R. Civ. P. 55(b).  Plaintiffs now represent that they will move for a default judgment against Coreas/Caminantes "[a]t the close of the Plaintiffs' case against the remaining Defendants."  [Doc. 44 at 4].

On June 27, 2023, Plaintiffs filed their ex parte Motion.  In it, they state that the Coreas/Caminantes fleet has shrunk from ninety-two registered vehicles, when this action was filed, to forty-six vehicles, in early 2023.  [*Id.* at 3].  Moreover, according to Coreas/Caminantes management, Coreas/Caminantes will "be dissolving and effectively ending the business as of June 30th, 2023."  [*Id.* at 5].  Plaintiffs thus fear that any "reduction" in the Coreas/Caminantes "assets directly correlates to a reduction in the Plaintiffs' recovery for damages"—if and when they obtain a judgment.  [*Id.* at 4].  In the instant Motion, Plaintiffs request immediate relief enjoining Coreas/Caminantes from "from selling or transferring any . . . assets until a judgment has been entered and executed in this action."  [*Id.* at 8]; *see also* [*id.* at 1–2].  According to Plaintiffs, a "representative" for Coreas/Caminantes has indicated "no . . . position" on this motion, whereas the other Defendants will not oppose the relief sought.  [*Id.* at 2].

***Legal Standard.***  Federal Rule of Civil Procedure 65 authorizes the court to enter preliminary injunctions and issue temporary restraining orders. Fed. R. Civ. P. 65(a), (b).  "The requirements for issuing a [temporary restraining order] mirror the requirements for issuing a preliminary injunction."  *Briscoe v. Sebelius*, 927 F. Supp. 2d 1109, 1114 (D. Colo. 2013).  A party seeking preliminary injunctive relief must satisfy four factors: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest.  *Petrella v. Brownback*, 787 F.3d 1242, 1257 (10th Cir. 2015).  A party seeking an injunction must demonstrate that "*all four* of the equitable factors weigh in its favor," *Sierra Club, Inc. v. Bostick*, 539 F. App'x 885, 888 (10th Cir. 2013), and a "plaintiff's failure to prove any one of the four preliminary injunction factors renders its request for injunctive relief unwarranted."  *Vill. of Logan v. U.S. Dep't of Interior*, 577 F. App'x 760, 766 (10th Cir. 2014).  "Preliminary injunctions are extraordinary remedies requiring that the movant's right to relief be clear and unequivocal."  *Planned Parenthood of Kan. v. Andersen*, 882 F.3d 1205, 1223 (10th Cir. 2018).

As Plaintiffs acknowledge, an ex parte injunction entails an additional showing.  *See* [Doc. 44 at 6].  Specifically, "[t]he [C]ourt may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if" two requirements are met. Fed. R. Civ. P. 65(b)(1).  First, "specific facts in an affidavit or a verified complaint [must] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."  Fed. R. Civ. P. 65(b)(1)(A).  Second, "the movant's attorney [must] certif[y] in writing any efforts made to give notice and the reasons why it should not be required."  Fed. R. Civ. P. 65(b)(1)(B).  Additionally, under this District's Local Rules, "[a] proposed temporary restraining order shall be submitted with a motion for temporary restraining order."  D.C.COLO.LCivR 65.1(b).

*Analysis.* Despite acknowledging that Rule 65 unambiguously requires them to include an "affidavit or a verified complaint" that "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," the Plaintiffs neglect to do. Fed. R. Civ. P. 65(b)(1)(A); [Doc. 44 at 6]. Rather, Plaintiffs limit their presentation to argument concerning the four factors discussed above. [Doc. 44 at 6–8]. Plaintiffs do attach several records related to Coreas/Caminantes's truck fleet, as well as insurance correspondence involving Coreas/Caminantes. *See generally* [Doc. 44-1]. However, Plaintiffs do not include any affidavit or verified complaint attesting to the asserted immediate and irreparable injuries in the Motion. *See Gebhardt Eur. Autos, LLC v. Porsche Cars of N.A., Inc.*, No. 10-cv-02696-MSK, 2010 WL 4642490, at *1 (D. Colo. Nov. 9, 2010) ("With regard to a showing of immediate and irreparable injury via affidavit or verified pleading, the [c]ourt observes that the [p]laintiff's motion is not supported by an affidavit."). In addition, the First Amended Complaint predates the Motion and does not touch on the alleged collection-related injuries prompting the requested ex parte injunctive relief.[2] *See generally* [Doc. 11]. Finally, Plaintiffs did not submit a proposed order alongside the Motion. *See* D.C.COLO.LCivR 65.1(b). The Motion is therefore respectfully **DENIED** on procedural grounds as noncompliant with Rule 65(b)(1) and this District's Local Rules. *See May v. U.S. Bank, N.A.*, No. 13-cv-01621-PAB, 2013 WL 3200473, at *1 (D. Colo. June 24, 2013).

Additionally, the Court notes that Plaintiffs currently have no enforceable monetary judgment against Coreas/Caminantes. Thus, any renewed request that seeks to enjoin Coreas/Caminantes "from selling or transferring any . . . assets until a judgment has been entered and executed in this action" must address how the remedy sought is consistent with cases concerning the scope of federal courts' equitable powers. *See, e.g.*, *Grupo Mexicano de Desarrollo, S. A. v. All. Bond Fund, Inc.*, 527 U.S. 308, 333 (1999) ("Because such a remedy was historically unavailable from a court of equity, we hold that the [d]istrict [c]ourt had no authority to issue a preliminary injunction preventing petitioners from disposing of their assets pending adjudication of respondents' contract claim for money damages."); *see also Niemi v. Lasshofer*, 728 F.3d 1252, 1257–58 (10th Cir. 2013) ("[I]n cases seeking money judgments, federal district courts do not possess the inherent equitable power to issue preliminary injunctions preventing the transfer of assets in which the plaintiffs claim no pre-existing lien or equitable interest."); *Pillow Menu, LLC v. Super Effective, LLC*, No. 20-cv-03638-STV, 2021 WL 3726205, at *17–20 (D. Colo. Aug. 19, 2021).

Accordingly, **IT IS ORDERED** that:

(1)    The Motion for Emergency Temporary Restraining Order and Preliminary Injunction [Doc. 44] is **DENIED without prejudice**.

DATED:  June 28, 2023

---

[2] Notably, even the arguments in the Motion related to Plaintiffs' injury are speculative. *See* [Doc. 44 at 7 ("It is more likely than not that [Coreas/Caminantes] is systematically selling off these assets in an attempt to reduce . . . liability.")].